IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation; NATIONAL SURETY CORPORATION, a Illinois corporation,<br><br>    Plaintiffs,<br> vs.<br><br>HAWAII NUT & BOLT, INC. and SAFEWAY, INC.,<br><br>    Defendants. | CIVIL NO. CV 15-00245-ACK/KSC (Declaratory Judgment)<br><br>DECLARATION OF JUDITH A. PAVEY |
| SAFEWAY INC.; HAWAII NUT & BOLT, INC.,<br><br>    Counterclaim Plaintiffs,<br> vs.<br><br>AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation; NATIONAL SURETY CORPORATION, a Illinois corporation,<br><br>    Counterclaim Defendants,<br><br> and | |

1632916

| | |
|---|---|
| DOUGLAS MOORE, MONARCH INSURANCE SERVICES, INC., a Hawaii corporation, and INSURANCE ASSOCIATES, INC., a Hawaii corporation,<br><br>    Additional Counterclaim Defendants. | TRIAL DATE: August 1, 2017<br>TRIAL JUDGE: Hon. Alan C. Kay |

# DECLARATION OF JUDITH PAVEY

I, JUDITH PAVEY, declare under penalty of law that the following is true and correct:

I am of Counsel at Starn O'Toole Marcus & Fisher ("**SOM&F**"), counsel for Defendant/Counterclaim Plaintiff SAFEWAY INC (*Safeway)* and HAWAII NUT & BOLT, INC. ("**HNB**" and collectively, "**CC Plaintiffs**") in the above-entitled matter.

  1. I am competent to make this declaration, and do so based upon personal knowledge, except as otherwise stated.

  2. I make this declaration in support of Safeway's Motion to Compel Plaintiffs/Counterclaim Defendants American Automobile Insurance Company ("**AAIC**") and National Surety Corporation ("**NSC**" collectively, "***Fireman's Fund"***) to respond to and produce documents responsive to Safeway's

2

Request for Production of Documents and Tangible Things (*"Request"*) submitted separately on May 27, 2016 to AAIC and NSC.

    3.    I have reviewed each of the Requests submitted to both AAIC and NSC and they are identical.

    4.    I have also reviewed the responses submitted by AAIC and NSC to Safeway and, they too appear to be identical. AAIC and NSC have jointly produced documents responsive to the Request.

    5.    Attached hereto as Exhibit A is a true and correct copy of the document requests which are the subject of this Motion to Compel, as well as Fireman's Fund's objections and responses thereto. Exhibit A was prepared to comply with Local Rule 26.2. It was prepared at my direction after a review of Fireman's Fund's responses and production.

    6.    In its request, Safeway specifically identified and requested the form in which any electronically stored information (*"ESI"*) would be produced to Safeway. Attached hereto as Exhibit B is a true and correct excerpt of the Request that identifies the manner and form that Fireman's Fund was to produce any ESI. *See id.,* pp. 5-7, ¶¶ M-N.

    7.    For various reasons, Fireman's Fund requested several extensions of time in which to respond to the Request. In the spirit of cooperation

1632916

and trusting that it would receive responsive documents and not be prejudiced by any extension, Safeway granted Fireman's Fund's requests for extensions of time.

8. On or about September 15, 2015, Safeway received Fireman's Fund's responses. I have reviewed the responses and each is identical: same objections and same responses.

9. On September 15, 2016, Fireman's Fund produced approximately 922 pages of documents to Safeway. Upon reviewing these documents, it was determined that they largely consisted of pleadings in the underlying case which, as counsel for Safeway in that case, were already within our possession.

10. On September 15, 2016, September 21, 2016, and September 28, 2016, Fireman's Fund produced to Safeway approximately 9,982 pages of documents. These documents were produced in huge compound.PDF files without document or folder boundaries or searchable text. Missing from these documents was basic metadata and original location information. The largest of these .PDF files thus far is 6,706 pages.

11. Then on or about October 14, and then on October 19, 2016, Fireman's Fund again produced documents to Safeway. These documents totaled approximately 2132 pages—55 of which were purported to have been produced to

1632916

HNB.  These documents were also not produced in the form requested by Safeway.  They were essentially unsearchable.

12. Attached hereto as <u>Exhibit C</u> is a true and correct copy of a letter, dated October 19, 2016, that I received from Brendan Mullen, counsel for Fireman's Fund.  In this letter, Mr. Mullen describes the production of Fireman's Fund's "updated privilege log."

13. On October 19, 2016, in connection with Mr. Mullen's letter of the date, I received a 54-page privilege log, dated October 19, 2016.  Attached hereto as <u>Exhibit D</u> are excerpts (pages 1-5) of the "updated privilege" log.  These pages exemplify the format of the entire 54 pages.  The entries have no corresponding page identifiers and they provide no page ranges so as to make it impossible for counsel to gauge the size of the document being withheld.  Moreover, these entries are not numbered and they are not in any chronological order.

14. As of the writing of this Declaration, Fireman's Fund has failed to produce the ESI as requested.

15. On Sept. 21, 2016, Fireman's Fund produced part 1 and 2 of a Redaction Log, dated Sept. 21, 2016, consisting of approximately 6 pages (total) of entries reflecting redactions in approximately 254 pages of redactions.  Also on Oct. 14, 2016, Safeway received an additional entry identified in its growing list of

1632916

privileged documents, as well as another redaction log showing that approximately 129 pages had been redacted. Finally, Fireman's Fund also provided a redaction log relating to the Oct. 19, 2016, production showing redactions made to approximately 10 pages of documents. Attached hereto as <u>Exhibit E</u> are the true and correct copies of the Fireman's Fund Redaction Logs as they were produced to counsel for Safeway.

      16.    After numerous emails and letters to counsel for Fireman's Fund regarding the unacceptable manner, format and timing of the production, I wrote to counsel for Fireman's Fund, detailing the problems with their responses and their production.

      17.    Attached hereto as <u>Exhibit F</u> is a true and correct copy of a letter I drafted and sent to counsel for Fireman's Fund, dated September 27, 2016.

      18.    Attached hereto as <u>Exhibit G</u> is a true and correct copy of a letter I received from Ms. Nguyen, dated September 28, 2016.

      19.    Attached hereto as <u>Exhibit H</u> are true and correct copies of two emails I drafted and sent to Ms. Nguyen, on September 30, 2016, regarding the problems with the production of documents and other discovery issues. On page 2 of the second email, I offer to Ms. Nguyen the dates on which we wished to conduct depositions in this case. The receipt of the documents first requested nearly five months ago is essential in order to take the depositions as proposed.

20. Attached hereto as <u>Exhibit I</u> is a true and correct copy of an email that I draft and sent to Ms. Nguyen, dated October 3, 2016.

21. In conversations with Ms. Nguyen, we agreed to have a telephonic meet and confer on October 10, 2016.

22. Attached hereto as <u>Exhibit J</u> is a true and correct copy of a letter, dated October 10, 2016, that I received from Ms. Nguyen on the morning of October 10, 2016 just prior to the meet and confer.

23. The meet and confer seemed unproductive but FFIC has produced some additional documents we requested, notably a much less redacted Claims History Log. Otherwise, FFIC simply refuses documents as set forth in our motion.

24. Attached hereto as <u>Exhibit K</u> is a true and correct copy of an email string letter, by and between Ms. Nguyen and me, dated October 17, 2016, and October 19, 2016.

25. Attached hereto as <u>Exhibit L</u> is a true and correct copy of a "Corporate Position Statement" relating to Coverage Issues and Declaratory Relief Actions, and is Bates-stamped FFIC SP00000254-274. This document was received from Fireman's Fund in response to the Request. This document is almost completely redacted and presumably sets forth the standards for proceeding expeditiously with declaratory judgment action and the reasons for that standard.

7

Here, FFIC waited approximately <u>five years</u> from notice of HNB's claim to file the declaratory judgment action. The standards are highly relevant to issues of reformation, insurance by estoppels and bad faith, among other things.

      DATED: Honolulu, Hawaii, October 20, 2016.

                        /s/Judith A. Pavey  
                        JUDITH A. PAVEY

1632916