# Discovery Requests and Objections by Categories

### A.     Full and Complete Underwriting and Claims Files

Request 8.   Documents that identify the author (s) of the language in the FFIC Policies and FFIC Excess Policies that describes what is covered, and what is not covered, and the date(s) on which each policy provision regarding liability coverage and liability coverage exclusions was first included in your CGL policies.

Response
In addition to its General Objections, Fireman's Fund specifically objects to this request on the grounds that the phrases "describes what is covered, and what is not covered" and "the date(s) on which each policy provision regarding liability coverage and liability coverage exclusions was first included in your CGL policies" are vague and ambiguous. The FFIC Policies and FFIC Excess Policies speak for themselves and cover claims subject to the plain language of the policies' terms, conditions, and exclusions. Fireman's Fund further objects to this request on the grounds that it is unlimited in time to the extent it seeks information on when language was "first" included in an insurance policy. Accordingly, it is overboard and unduly burdensome. It also seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP.

Subject to the General Objections and the specific objection set forth above, Fireman's Fund states that it has not located any documents identifying the authors of the FFIC Policies and FFIC Excess Policies after a reasonable and diligent search. Fireman's Fund will produce the FFIC Policies and FFIC Excess policies.

Request 9.   Documents that describe exactly what activities of HNB's business were insured under the FFIC Policies and FFIC Excess Policies.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that that the term "activities" is vague and ambiguous, and that FFIC Policies and FFIC Excess policies speak for themselves and cover claims as provided by their terms, conditions, and exclusions. Fireman's Fund further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Subject to the General Objections and

1

**Exhibit A**

specific objection stated above, Fireman's Fund will produce the FFIC Policies and the FFIC Excess Policies.

Request 13. All Documents concerning the Claims, including but not limited to tenders of defense, and/or requests for indemnification, and your actions with regard thereto, such as:

    a. Reports;
    b. Correspondence, including all letters or memoranda concerning coverage under the Policies, specifically including any declination of coverage, reservation of rights, or acceptance of coverage;
    c. Activity and/or phone logs/records;
    d. Recordings of any type, including surveillance and documentary recordings;
    e. Photographs, diagrams, sketches;
    f. Instructions on investigation and evaluation of the Claims;
    g. Statistical analysis relevant to the Claims;
    h. File jacket;
    i. Diary notes;
    j. Handwritten or otherwise recorded notes, memos of any type, including telephone slips and records of messages;
    k. Investigation and analysis;
    l. Causation analysis;
    m. Any special investigation unit files/documents;
    n. The Claims Specialists' entire files concerning the Claims;
    o. Audits;
    p. Everything relied upon in adjusting the Claims, including but not limited to articles, studies, compilations concerning similar claims;
    q. Information received from or provided to investigators, consultants and experts regarding the Claims, including bills, payments, instructions, activity logs;
    r. Statements and testimony of any witnesses, expert or otherwise,
    s. Supervisor or management files, input, participation;
    t. Claim committee or round tabling reports and documents, including agendas, procedures, criteria, presentation, notes;
    u. Legal opinions relied upon in handling and/or adjusting the Claims;
    v. Legal opinions relied upon with respect to FFIC's attempt to settle the Claims;

  w. Complete Underwriting files pertaining to HNB and the FFIC Policies issued to HNB, including inspection reports, and manuals and protocols/standards governing underwriting;
  x. Questionable risk reports, risk reports any other report prepared, considered and/or related to FFIC's decision to issue coverage to HNB, to deny HNB's claim under that coverage, to pay HNB's claim under that coverage; and
  y. Information regarding the economic hardship to be suffered by HNB in the event of denial of coverage.

<u>Response</u>
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the common interest doctrine, the attorney-client privilege, and/or the work-product doctrine. For example, Fireman's Fund will not produce legal opinions or any other protected communication. Fireman's Fund further objects to this request on the grounds that it is overbroad and unduly burdensome, and duplicative of other requests. Fireman's Fund further objects to this request on the grounds that the phrases "[i]nstructions on investigation and evaluation of the Claims," [a]udits," "statistical analysis relevant to the Claims," "[c]ausation analysis," [s]upervisor or management files, input, participation," "[c]laim committee or round tabling reports," "protocols/standards governing underwriters," [q]uestionable risk reports, risk reports any other report prepared," and [i]nformation regarding the economic hardship to be suffered by HNG in the event of denial of coverage are vague and ambiguous. Fireman's Fund further objects to this request to the extent it seeks documents exchanged, produced, or filed in the underlying lawsuit, Civil No. 09-1-1414-06, to which Fireman's Fund was not a party. Fireman's Fund will not produce any correspondence, discovery, pleadings, reports or other documents exchanged, produced, or filed in the Underlying Lawsuit because Safeway has greater access to those documents that should be in its file. Fireman's Fund will not produce, nor is it required to produce, any documents generated in connection with this action.

Subject to the General Objections and specific objections stated above, Fireman's Fund will produce all non-privileged documents responsive to this request that are within its possession, custody, and control, and that it is able to locate, including the claim file and any non-privileged reports made part of the claim file, claim notes, reservation of rights letters, and underwriting file.

3

Request 17.   All Documents that were considered by you in issuing **each** of the Reservation of Rights letters to HNB regarding the Underlying Lawsuit and any sample letters and/or templates you used in connection with the drafting of the Reservation of Rights letters.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege, and/or the work-product doctrine. Fireman's Fund further objects to this request to the extent it seeks confidential, proprietary, and trade secret information. Fireman's Fund further objects to this request to the extent it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of the case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP.  Subject to the General Objections and specific objections stated above, Fireman's Fund is not aware of any non-privileged standard letters and/or templates considered in connection with drafting the Reservation of Rights letters.

Request 34.   All Documents upon which You rely in claiming that HNB agreed to not assign **its claims** against you for, inter alia, breach of contract and bad faith

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that the phrase "its claims" is vague and ambiguous. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest doctrine and, therefore, will not produce documents in response to this request to Safeway. Subject to the General Objections and specific objections stated above, Fireman's Fund will produce the FFIC Policies and FFIC Excess Policies.

**B.     Information Regarding Reserves**

Request 26.   Documents reflecting reserves set concerning the claims against HNB in the Lawsuit and Underlying Lawsuit, and all claims handling procedures relevant to your handling the Claims, including methods and criteria for setting reserves, investigating and evaluation of such claims.

4

In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks confidential information, proprietary information, and protected trade secret information. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP.
Fireman's Fund further objects to this request to the extent it seeks documents exchanged, produced, or filed in the underlying lawsuit, *Safeway Inc. v. Nordic PCL Const., Inc., et al.*, Civil No. 09-1-1414-06, which Fireman's Fund was not a party to. Fireman's Fund will not produce any correspondence, discovery, pleadings, reports or other documents exchanged, produced, or filed in the Underlying Lawsuit because Safeway has greater access to those documents that should be in its file. Fireman's Fund will not produce, nor is it required to produce, any documents generated in connection with this action.

Response
Subject to the General Objections and specific objections stated above, Fireman's Fund will produce claims manuals and underwriting manuals for commercial general liability policies effective from 2005 to 2015, the timeframe identified in Request No. 37, in its possession, custody or control that it is able to locate.


Request 55.  Documents reflecting your current net worth.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it seeks confidential financial information. Fireman's Fund further objects to this request on the grounds that it prematurely seeks information in connection with a claim for punitive damages. *See Duniea v, Dappen,* 83 Haw. 28, 32 n.12 (1996); *Fisher v. Grove Farm Co.*, 123 Haw. 82., 116-119 (Ct. App, 2009).

## C.     Personnel Files, Including Compensation

Request 7.   All Documents reflecting your compensation resulting from the issuance of each of the Policies insuring HNB, and that show the distribution of the premiums including amounts distributed to and/or received by third parties.

Response
In addition to its General Objections, Fireman's Fund specifically objects to this request on the grounds that this request seeks confidential and proprietary information. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that the term "compensation" and phrase "distribution of the premiums" are vague and ambiguous.

Request 24.   All documents contained in the personnel files of each person involved in (a) the underwriting of any policies issued to HNB, (b) the issuance of FFIC Policies and FFIC Excess Policies to HNB, (c) the investigation of the Claims, (d) the evaluation of the Claims against HNB, (e) the interpretation of the policies that lead to the Reservation of Rights letters, and (f) the decision to file the Lawsuit against HNB. This request includes documents containing information as to their age, education, work experience, training, performance evaluations, certifications, licenses, compensation plans applicable to the individuals, promotion/demotions records, publications, test results, compensation incentive programs in which such individuals participated or that were available to such persons.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege, and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks information that is confidential and in violation of employees' and third-parties' privacy rights. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and therefore is not within the scope of Rule 26(b)(1) of the FRCP.

Request 25. For anyone involved in any decision by you concerning HNB who was not your employee, all documents concerning the scope of their involvement, their employer, their credentials and what they said or did.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the common interest doctrine, the attorney-client privilege, and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks information that is confidential and in violation of employees' and third parties' privacy rights. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and it exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it seeks information that is not in its possession, custody, or control. Fireman's Fund further objects to this request on the grounds that the term "credentials" and the phrase "what they said or did" are vague and ambiguous.

Request 47. All employee handbooks, human resources manuals and personnel manuals relevant to the employment terms and goals of CGL claims adjusters/handlers during the time of the Claims.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that the term "goals" is vague and ambiguous. Fireman's Fund further objects to the request to the extent it is not limited to Fireman's Fund.

Request 54. All documents that describe your criteria for promotion, demotion and commendation, including award and bonus programs/payments, and employee recognition programs relevant to CGL claims adjusters/handlers during the time of the Claims.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's

claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks confidential, trade secret, and/or proprietary information. Fireman's Fund further objects to this request on the grounds that it seeks information in violation of its employees' privacy rights.

**D.     Documents Relating to Prior Complaints or Similar Claims, or Lawsuits**

Request 27. Documents concerning data/reports/analysis of the financial impact to you of denying CGL Claims.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the common interest doctrine, the attorney-client privilege, and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks confidential information, proprietary information, and protected trade secret information. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and it exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that the phrase "CGL Claims" is undefined, vague, ambiguous, and overbroad to the extent it's not limited to the relevant claims at issue.

Request 38. Documents identifying all CGL policies [privacy redactions of the names of the business are acceptable] you issued to businesses in the State of Hawaii over the past 15 years, any/all claims made under those policies, the nature of the claims, the nature of the insures(s) business, the allegations against the insured(s), and whether or not such claims were paid, settled, and/or were the subject of reservation of rights by you and/or litigation by you against your insured(s) challenging your obligation to defend and/or indemnify under those policies, and the results of those challenges.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is

not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it is overbroad and unduly burdensome. Fireman's Fund further objects to this request to the extent that it seeks information in violation of Fireman's Fund's policyholders' rights to privacy and confidentiality. Fireman's Fund further objects to this request to the extent it seeks Fireman's Fund's confidential, proprietary, and trade secret information Fireman's Fund further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Request 50. All Documents concerning your consideration of claims related to damages and liability alleged to have been caused by defective products sold or distributed by your insured(s) over the past 10 years.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request as overbroad and unduly burdensome. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or trade secret and proprietary information. Fireman's Fund further objects to this request on the grounds that it seeks information in violation of its policyholder's privacy rights.

Request 51. Any reports issued on other cases/claims similar to the Claims at issue in the Underlying Lawsuit.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request as overbroad and unduly burdensome. Fireman's Fund further objects to this request to the extent it seeks confidential information and Fireman's Fund's proprietary information. Fireman's Fund further objects to this request on the grounds that the term "reports" phrase "similar to the Claims at issue in the Underlying Lawsuit" are vague and ambiguous. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine or common interest doctrine, and/or trade

secret and proprietary information. Fireman's Fund will not produce, nor is it required to produce, any documents generated in connection with this action. Fireman's Fund further objects to this request on the grounds that it seeks information in violation of its policyholder's privacy rights.

Request 56. Documents reflecting insurance policies issued by you during the time you issued the Policies to HNB that would have provided coverage for the Claims, and the premium(s) for such coverage.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it is overbroad and unduly burdensome. Fireman's Fund further objects to this request as vague and ambiguous and cannot decipher what is meant by the phrases "Documents reflecting insurance policies" and "that would have provided coverage for the Claims." Fireman's Fund further objects to this request on the grounds that it seeks confidential, trade secret, and/or proprietary information. Fireman's Fund further objects to this request on the grounds that it seeks information in violation of its policyholder's privacy rights.

Request 57. Documents concerning every complaint made against you, whether formal or informal, related to your denial of coverage during the past 15 years and the outcome of such complaints.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it is overbroad and unduly burdensome. Fireman's Fund further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks confidential, trade secret, and/or proprietary information. Fireman's Fund further objects to this request on the grounds that it seeks information in violation of its policyholder's privacy rights.

Request 58. Documents that reflect the amount of CGL premiums collected by You and the amount of CGL claims paid by You over the past 7 years, on a year to year basis.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it seeks confidential financial information. Fireman's Fund further objects to this request on the grounds that it is overbroad and unduly burdensome. Fireman's Fund further objects to this request to the extent it seeks confidential information and information protected by third parties' privacy rights.

### E. Documents Created Throughout the Underlying Case

Request 20. All Documents concerning your decision to file the Lawsuit against HNB, to include the timing of the filing, the timing of the Motion for Summary Judgment, originally filed on August 27, 2015 (Dkt. 11 in the Lawsuit) and any reason(s) the Lawsuit was not filed sooner.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege, and/or the work-product doctrine. Fireman's Fund further objects to this request to the extent it seeks documents exchanged, produced, or filed in the underlying lawsuit, Safeway Inc. v. Nordic PCL Const., Inc., et al., Civil No. 09-1-1414-06, which Fireman's Fund was not a party to. Fireman's Fund will not produce any correspondence, discovery, pleadings, reports or other documents exchanged, produced, or filed in the Underlying Lawsuit because Safeway has greater access to those documents that should be in its file. Fireman's Fund will not produce, nor is it required to produce, any documents generated in connection with this action.

Request 29. All Documents concerning your decision to hire Greg Takase, Esq and/or his law firm (counsel retained by FFIC) to defend HNB; the fees paid to

Mr. Takase or for his services; past retentions of Mr. Takase or his law firm; instructions and/or conditions of his engagement.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense and exceed the proportional needs of this case and, therefore, this requests exceeds the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest doctrine and, therefore, will not produce documents in response to this request to Safeway.

Request 30. All communications between You and Greg Takase, Esq, and/or his law firm concerning HNB.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it is overboard and unduly burdensome, seeks information not relevant to any party's claims or defenses, and exceeds the proportional needs of this case and, therefore, this requests exceeds the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest doctrine and, therefore, will not produce documents in response to this request to Safeway.

Request 31. All Documents provided to any consultant and/or expert witness retained by and/or paid by you for the Underlying Lawsuit.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information protected by the attorney client privilege, the work-product doctrine, and/or the common interest doctrine and, therefore, will not produce documents in response to this request to Safeway.

Request 32. All Documents concerning the $400,000 settlement offer you made on behalf of HNB in the Underlying Lawsuit, including those you relied upon to determine that figure and that reflect how that figure was calculated/determined.

12

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request to the extent it seeks documents exchanged, produced, or filed in the underlying lawsuit, Safeway Inc. v. Nordic PCL Const., Inc., et al., Civil No. 09-1-1414-06, to which Fireman's Fund was not a party. Fireman's Fund will not produce any correspondence, discovery, pleadings, reports or other documents exchanged, produced, or filed in the Underlying Lawsuit because Safeway has greater access to those documents that should be in its file. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest doctrine and, therefore, will not produce documents in response to this request to Safeway.

Request 33. All Documents that reflect your analysis that lead to the $400,000 settlement offer you made on behalf of HNB in the Underlying Lawsuit.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest doctrine and, therefore, will not produce documents in response to this request to Safeway. Fireman's Fund further objects to this request to the extent it seeks confidential, trade secret, and/or proprietary information. Fireman's Fund further objects to this request to the extent it seeks documents exchanged, produced, or filed in the underlying lawsuit, Safeway Inc. v. Nordic PCL Const., Inc., et al., Civil No. 09-1-1414-06, which Fireman's Fund was not a party to. Fireman's Fund will not produce any correspondence, discovery, pleadings, reports or other documents exchanged, produced, or filed in the Underlying Lawsuit because Safeway has greater access to those documents that should be in its file.

Request 36. Documents containing expert reports or opinions concerning the Claims and/or any aspect of the Lawsuit, the experts' CVs, past retentions, past testimony, credentials, fee schedule, engagement letter/scope of work, bills for services, and a complete list of all materials reviewed and/or relied upon in reaching their expert opinions.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it prematurely seeks expert discovery and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest doctrine. Fireman's Fund further objects to this request to the extent it seeks documents exchanged, produced, or filed in the underlying lawsuit, Safeway Inc. v. Nordic PCL Const., Inc., et al., Civil No. 09-1-1414-06, which Fireman's Fund was not a party to. Fireman's Fund will not produce any correspondence, discovery, pleadings, reports or other documents exchanged, produced, or filed in the Underlying Lawsuit because Safeway has greater access to those documents that should be in its file. Fireman's Fund will not produce, nor is it required to produce, any documents generated in connection with this action.

Request 42. Superintendant's and manager's manuals for setting or meeting individual and organizational goals in effect at the time of the Claims.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request as overbroad to the extent it's not limited to Fireman's Fund. Fireman's Fund further objects to this request on the grounds that the phrase "individual and organization goals" is vague and ambiguous. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or trade secret and proprietary information.

Subject to the General Objections and specific objections stated above, Fireman's Fund will produce claims manuals and underwriting manuals for commercial general liability policies effective from 2005 to 2015, the timeframe identified in Request No. 37, in its possession, custody or control that it is able to locate.

Request 45. Documents that state or explain FFIC's company philosophy regarding claim handling, service to policyholders, wrongful claim handling, and compliance with unfair claim practices laws during the time of the Claims.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that the phrase "company philosophy" is vague and ambiguous. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or trade secret and proprietary information.

Subject to the General Objections and specific objections stated above, Fireman's Fund will produce claims manuals and underwriting manuals for commercial general liability policies effective from 2005 to 2015, the timeframe identified in Request No. 37, in its possession, custody or control that it is able to locate.

Request 48. All materials and sources made available to claims adjusters/handlers concerning policy language interpretation, including videos, websites, manuals, published textbooks or other material, guidelines prepared internally or by an outside source, and documents identifying individuals including attorneys who are available to assist adjusters with policy language interpretation.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it overbroad and unduly burdensome because it is not limited to the claims at issue here, the types of insurance coverage at issue here, or even Fireman's Fund. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request as overbroad and the phrase "made available to" as vague and ambiguous.

Subject to the General Objections and specific objections stated above, Fireman's Fund will produce claims manuals and underwriting manuals for commercial general liability policies effective from 2005 to 2015, the timeframe identified in Request No. 37, in its possession, custody or control that it is able to locate.

Request 53. Consultant reports, recommendations concerning claims handling, any redesign of your claims process, organizational theories and/or anything else that has altered your claim handling procedures over the past 15 years and, for such consultants all documents that identify and/or concern the consultants, their engagement papers, their tax identification numbers, their project documents, any implementation documents, approval documents and documents that identify the person(s) who approved the process.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request on the grounds that it is overbroad, unduly burdensome, and is so compound that it is not decipherable. Fireman's Fund further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Fireman's Fund further objects to this request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or trade secret and proprietary information. Fireman's Fund further objects to this request on the grounds that it seeks information in violation of its policyholder s privacy rights.

### F. Trade and Insurance Standards/Manuals

Request 39. All Documents you submitted to the Insurance Commissioner of the State of Hawaii that were on file during the effective dates of the FFIC Policies, including (a) the identity and control of registrant, (b) organizational charts, (c) identify of the ultimate controlling person(s), (d) biographical information for each director and executive officer, etc.

In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it seeks information that is irrelevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request to the extent that the information sought is publically available to Safeway. Fireman's Fund further objects to this request to the extent that it violates rights to privacy and confidentiality. Fireman's Fund further objects to this request

to the extent it seeks Fireman's Fund's confidential, proprietary, and trade secret information Fireman's Fund further objects to this request on the grounds that the phrases "control of registrant" and "ultimate controlling person(s)" are vague and ambiguous.

Request 49.   All documents concerning national standards related to underwriting, claims adjusting, claims investigation and claim denials.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that it overbroad and unduly burdensome because it is not limited to the claims at issue here, the types of insurance coverage at issue here, or even Fireman's Fund. Fireman's Fund further objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP. Fireman's Fund further objects to this request as overbroad and the phrase "national standards" as vague and ambiguous; it is unclear what is meant by "standards" or which entity or body allegedly set the so-called "standards."


Request 35.   All insurance policies that may provide coverage or reimburse you for any of the claims against you described in the Lawsuit.

Response
In addition to the General Objections, Fireman's Fund specifically objects to this request on the grounds that any reinsurance information is confidential and irrelevant to any party's claims or defenses. Fireman's Fund further objects to this request on the grounds that it exceeds the proportional needs of this case and, therefore, is not within the scope of Rule 26(b)(1) of the FRCP.