IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY; NATIONAL SURETY CORPORATION, | ) ) ) ) | CIVIL NO. 15-00245 ACK-KSC |
| | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS/ |
| | ) | COUNTERCLAIM PLAINTIFF |
| Plaintiffs/ Counterclaim Defendants, | ) ) ) | SAFEWAY INC.'S MOTION TO COMPEL DOCUMENTS FROM PLAINTIFFS/COUNTERCLAIM |
| | ) | DEFENDANTS AMERICAN |
| vs. | ) | AUTOMOBILE INSURANCE |
| | ) | COMPANY AND NATIONAL SURETY |
| HAWAII NUT & BOLT, INC.; SAFEWAY, INC., | ) ) | CORPORATION |
| | ) | |
| Defendants/ Counterclaim Plaintiffs, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOUGLAS MOORE; MONARCH INSURANCE SERVICES, INC.; INSURANCE ASSOCIATES, INC., | ) ) ) ) | |
| | ) | |
| Additional Counterclaim Defendants. | ) ) ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS/COUNTERCLAIM PLAINTIFF SAFEWAY INC.'S
MOTION TO COMPEL DOCUMENTS FROM PLAINTIFFS/COUNTERCLAIM
DEFENDANTS AMERICAN AUTOMOBILE INSURANCE COMPANY
<u>AND NATIONAL SURETY CORPORATION</u>

Before the Court is Defendants/Counterclaim

Plaintiff Safeway Inc.'s ("Safeway") Motion to Compel

Production of Documents From Plaintiffs/Counterclaim

Defendants American Automobile Insurance Company and

National Surety Corporation, filed October 20, 2016.

On December 12, 2016, Counterclaim Defendants Douglas

Moore, Monarch Insurance Services, Inc., and Insurance

Associates, Inc. filed statements of no position.

Plaintiffs/Counterclaim Defendants American Automobile

Insurance Company and National Surety Corporation

(collectively "Fireman's Fund" or "FF") filed their

Opposition on December 13, 2016.  On December 20, 2016,

Safeway filed its Reply.

     This matter came on for hearing on January 3,

2017.  Steven Allison, Esq., and Stuart Fujioka, Esq.,

appeared on behalf of Fireman's Fund.  Judith Pavey,

Esq., and Maile Miller, Esq., appeared, and Terence

O'Toole, Esq., appeared by phone, on behalf of Safeway.

Corlis Chang, Esq., appeared on behalf of Insurance

Associates, Inc., and Donna Marron, Esq., and Sasha

Hamada, Esq., appeared on behalf of Douglas Moore and

Monarch Insurance Services, Inc.  After careful

consideration of the parties' submissions, the

2

applicable law, and the arguments presented at the hearing, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Motion for the reasons set forth below.

<u>BACKGROUND</u>

As the Court and the parties are well-acquainted with the facts and procedural history of this case, the Court includes only those facts pertinent to the disposition of the instant Motion.

On May 27, 2016, Safeway served FF with its First Request for Production of Documents ("RPOD"). Due to an anticipated substitution of counsel, Safeway granted FF an extension of time to respond to the RPOD.

On July 14, 2016, FF's former counsel Tom Petrus & Miller LLC withdrew and Crowell & Moring LLP, along with local counsel Stuart Fujioka, appeared.

On September 15, 2016, FF began producing documents on a rolling basis. Production continued through the end of October 2016. During this time period, counsel for the parties exchanged communications regarding the sufficiency of FF's responses and production.

On October 20, 2016, Safeway filed the instant Motion.

On December 16, 2016, Senior U.S. District Judge Alan C. Kay issued an Order Granting Plaintiffs American Automobile Insurance Company's and National Surety Corporation's Motion to Dismiss Breach of Contract and Reformation Counterclaims in Second Amended Counterclaim ("Dismissal Order"), which dismissed Safeway's breach of contract and reformation claims with leave to amend by January 15, 2017.

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure ("FRCP") 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  At the same time, it has its "ultimate and necessary boundaries."  Id.  "District courts have broad discretion in determining relevancy for discovery purposes."  Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The 2015 amendment to FRCP 26 added proportionality as a requirement for obtaining discovery.  Thus, "relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).  Addressing all

proportionality considerations does not rest solely with the party seeking discovery.  Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Instead, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Id.

District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the requesting party has had ample opportunity to obtain the information through discovery in the action or the discovery is outside the scope of permissible discovery under FRCP 26(b)(1).  Id.

In the event a party fails to respond to a discovery request, the party who served the discovery request may file a motion to compel.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  An incomplete or evasive answer

or response is deemed a failure to answer or respond.
Fed. R. Civ. P. 37(a)(4).  The motion to compel must
include a certification that the "movant has in good
faith conferred or attempted to confer with the person
or party failing to make disclosure or discovery in an
effort to obtain it without court action."  Fed. R.
Civ. P. 37(a)(1); <u>see also</u> Local Rule 37.1(a), (b).

<u>ANALYSIS</u>

By way of this Motion, Safeway requests an
order:  1) compelling FF to provide appropriate
responses and/or objections to all of the requests;
2) compelling FF to produce the documents and ESI in
the form requested by Safeway; 3) compelling FF to
respond to and produce the documents and ESI responsive
to those requests they refuse to respond to (RPOD nos.
7, 17, 20, 24, 25, 25, 27, 29, 30, 31, 32, 33, 35, 36,
38, 39, 47, 49, 50, 51, 53, 54, 55, 56, 57, and 58);
4) compelling FF to produce responsive documents and
ESI to the requests for which they have unreasonably
limited or withheld production (RPOD nos. 8, 9, 13, 26,
34, 42, 45, and 48); and 5) awarding Safeway its

7

reasonable attorneys' fees and costs incurred in connection with this Motion.

As an initial matter, the Court addresses FF's contention that Safeway did not engage in a meaningful meet and confer.  Rule 37.1 of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules") provides:

> The court will not entertain any motion pursuant to Fed. R. Civ. P. 26 through 37, including any request for expedited discovery assistance pursuant to LR37.1(c), unless counsel have previously conferred, either in person or by telephone, concerning all disputed issues (including the requirement that discovery be proportional to the needs of the case), in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion or expedited discovery assistance.

Local Rule 37.1(a).  Although it would have been preferable for the parties to have resolved or more effectively limited the subject disputes without involving the Court, the Court finds that the meet and confer requirement was satisfied.  Therefore, the Court now turns to the merits of the disputes.

A.   <u>Claims and Underwriting Files in the Underlying Lawsuit</u>

Safeway seeks all of HNB's claims and underwriting files in the underlying lawsuit and does not accept FF's claims of attorney client privilege and work product doctrine with respect to the portions of the files that have been withheld.  FF represents that all claims and underwriting files for HNB have been produced, with the exception of privileged communications and documents with separate coverage counsel and information on reserves.  FF claims that it is unaware of any additional non-privileged responsive documents and that it has produced all non-privileged documents responsive to RPOD nos. 8, 9, 13, 17, 29, 30, 31, 32, 33, 34, and 36.  Safeway believes the Court should conduct an in camera review to determine whether the withheld documents have been appropriately designated as privileged/protected.[1]

---

[1]  Neither party could provide a concrete estimate of the number of documents or pages that are implicated.

The Court accepts counsel's representations concerning the content of the withheld documents, as well as the representation that all non-privileged documents have been produced.  The Court declines to order further production or conduct an in camera review of all withheld documents in this category based solely on Safeway's speculation that FF has improperly designated the documents as privileged or protected. Accordingly, the Court DENIES the Motion to the extent it seeks further production and/or an in camera review of all documents from the claims and underwriting files from the underlying lawsuit for which FF asserts privilege/protection.[2]

Notwithstanding the foregoing, the Court shall make a limited exception with respect to Safeway's Exhibit L, which is a document entitled Corporate

---

[2]  Likewise, the Court finds that based on FF's representations, FF need not produce additional documents created during the underlying case and adjustment of HNB's claim.  FF asserts that it produced all documents in its possession from the defense of HNB in the underlying action including communications with and work product of underlying defense counsel.

10

Position Statement, Coverage Issues and Declaratory Relief Actions.  Safeway identifies this document as a policy manual that should be produced, but FF's counsel explained at the hearing that this is a unique document.  Per FF's counsel, FF asked coverage counsel to make determinations about positions.  Exhibit L was prepared by coverage counsel and advises FF about how claims are to be handled.[3]  The Court will review this document in camera to determine whether the redactions are warranted.  FF is directed to provide the Court with an unredacted copy of this document by **January 16, 2017.**

B.  Reserves Information

Safeway requests an order compelling the production of documents relating to the setting of reserves.  It asserts that information concerning the setting of reserves is probative of FF's assessment of HNB's exposure, as well as FF's exposure.  FF has objected to the production of reserves information,

---

[3]  FF's counsel additionally argued that the document is irrelevant.

11

characterizing the same as nothing more than educated guesses about what an insurer may be required to pay if coverage exists and the costs of defending a case.

"In an insurance context, the term 'reserve' refers to 'a fund of money set aside by a bank or an insurance company to cover future liabilities.'" Metropolitan Life Ins. Co. v. Ogandzhanova, No. CV-12-372-PHX-GMS, 2013 WL 1442581, at *1 (D. Ariz. Apr. 9, 2013) (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)).  The method of calculating reserves is central to the relevance of the reserve information.  If calculations rely on automatic factors rather than an analysis of the factual or legal merits of the insured's specific claim, the relevance diminishes significantly.  Id. at *2.  By contrast, "when calculation of the reserve amount 'entail[s] an evaluation . . . based upon a thorough factual consideration', the information will be relevant."  Id. (citation and internal quotations omitted).

Here, FF's counsel conceded at the hearing that although the setting of reserves is in part an

accounting exercise to comply with statutory/regulatory schemes, some analysis is conducted.  The Court therefore finds that the reserves information with respect to HNB's claim is relevant and proportional to the needs of the case.  FF is ordered to produce all non-privileged documents responsive to the requests related to reserves information.  <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp. 2d 1100, 1107-08, 1116 (N.D. Cal. 2006) (finding that reserves were discoverable in a bad faith action to shed light on the defendant insurance company's internal assessments of the insurance claim).

To address concerns about confidential, propriety, and/or trade secret information that may be implicated, the parties are directed to submit a stipulated protective order for the Court's review and approval,[4] and any production regarding reserves shall

---

[4]  At minimum, the protective order should prohibit the parties or their counsel from using information obtained in this litigation for any purpose other than this litigation and from disclosing the same to anyone who is not an officer or agent of the Court or a party to the action.

13

be subject to that protective order.  <u>Id.</u> at 1116

(ordering production of reserve information subject to

a protective order "prohibiting plaintiffs or their

counsel from using the information for any purpose

other than this litigation and from disclosing it to

anyone who is not an officer or agent of this court or

a party to this action (or such party's agent)").

C.  <u>Personnel Files</u>

        Safeway seeks the personnel files and

information for individuals who played a role in the

handling of HNB's insurance claim.  FF has concerns

about the privacy rights of its employees as well as

third parties.  FF also objects to the production of

personnel files because Safeway's claims are against

FF, not the individual adjusters.  Finally, FF

challenges Safeway's contention that personnel files

typically reveal a scheme for incentivizing employees

to delay or deny claims, noting that it has provided

interrogatory responses that no such incentive programs

exist; that Safeway has deposed several adjusters who

handled HNB's claim; and that its personnel files do

not contain information regarding training experience.

"[P]ersonnel files in bad faith actions have routinely been found to be relevant and discoverable." Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 512 (D.S.D. 2015) (citation omitted).  This is because "[p]ersonnel files may reveal an inappropriate reason or reasons for defendant's action with respect to plaintiff's claim or an 'improper corporate culture.'" Id. (citation omitted); White Mountain Cmtys. Hosp. Inc. v. Hartford Cas. Ins. Co., No. 3:13-CV-8194 JWS, 2014 WL 6885828, at *4 (D. Ariz. Dec. 8, 2014) ("The contents of the personnel files of the three individuals may disclose information showing that the adjustors had reasons to 'low-ball' their evaluations, were not actually competent to adjust the type of claim made by White Mountain, or did not process the claim in a reasonable manner.  Any such information would be highly relevant to White Mountain's claims in this lawsuit (and contrary information would serve to defeat White Mountain's claims).").

15

The Court acknowledges that privacy concerns are implicated in the production of personnel files. However, under the circumstances, and given the claims asserted by Safeway, the personnel files for those individuals involved in the handling of HNB's insurance claim are relevant and proportional to the needs of the case, and are thus discoverable.

Safeway alleged breach of contract, bad faith, negligent misrepresentation and omission, and reformation claims against FF in its Second Amended Counterclaim.[5]  Doc. No. 64.  The personnel files of the individuals who handled HNB's claim may contain information relevant to these claims, as well as FF's defenses.  Moreover, although Safeway may have deposed some of these individuals, depositions are not a substitute for the contemporaneous information that may be included in personnel files.  Liberty Mut. Ins. Co. v. Cal. Auto. Assigned Risk Plan, No. 3:11-CV-01419-

---

[5]  Although the breach of contract and reformation claims were dismissed in Judge Kay's Dismissal Order, he granted Safeway leave to file an amended pleading, the deadline for which has yet to expire.

16

MMC(JSC), 2012 WL 892188, at *7 (N.D. Cal. Mar. 14, 2012) ("[E]x post facto deposition testimony of Mr. Hartman or other Liberty Mutual employees regarding his job performance will not prove as relevant or reliable as objective evaluations conducted outside this lawsuit.  Further, the 'personnel documents in Mr. Hartman's file prior to the Harlan/Ten Berge matter are the best illustration of what Liberty Mutual knew or believed – at the time of the [Underlying Action] - about Mr. Hartman's competence,' and therefore provide the best evidence of the reasonableness of the company's choice to rely on his advice.") (second alteration in original).

Consequently, the Court directs FF to produce the personnel files of those individuals who played a role in handling HNB's insurance claim.[6]  To address the

---

[6]  Even under a heightened standard that requires a balancing of the need for discovery with the right of privacy, the Court would conclude that production is appropriate.  All Star Seed v. Nationwide Agribusiness Ins. Co., No. 12CV146-L BLM, 2013 WL 1882260, at *3 (S.D. Cal. May 3, 2013) (citation and quotations omitted) ("In the context of discovery of confidential information in personnel files, even when such

privacy concerns cited by FF, protected privacy
information should be redacted.  <u>White Mountain</u>, 2014
WL 6885828, at *4 ('Certainly, the employees have a
reasonable expectation that no information will be
disclosed which would identify family members, social
security numbers, place of residence, phone numbers,
private email addresses, anything relating to a medical
condition, or similar essentially private matters.  The
material produced should be redacted by Hartford so
that none of these matters are disclosed.").  Other
information should be produced unredacted.  Such

---

information is directly relevant to litigation,
discovery will not be permitted until a balancing of
the compelling need for discovery against the
fundamental right of privacy determines that disclosure
is appropriate.").  Not only are the subject personnel
files clearly relevant, the information sought cannot
be readily obtained by other means, as discussed above.
<u>Id.</u> (quoting <u>Matter of Haw. Corp.</u>, 88 F.R.D. 518, 524
(D. Haw. 1980)) (alteration in original) (citations and
quotations omitted) ("[E]ven where strong public policy
against disclosure exists, as in the case of personnel
files, discovery is nonetheless allowed if (1) the
material sought is 'clearly relevant,' and (2) the need
for discovery is compelling because the information
sought is not otherwise readily obtainable.").

information shall be produced subject to the protective
order to be submitted by the parties to alleviate
concerns about confidentiality or dissemination to
third parties.  Id. ("What is produced will be subject
to the protective order, so anything negative about an
employee's work, anything relating to an employee's
compensation, and anything else reflected in the
material produced will not be disseminated to any third
party."); Goran, 309 F.R.D. at 512 ("For the remaining
contents of the personnel files at issue, the district
court's protective order assures the confidentiality of
these documents.").

D.   Other Policies, Claims, and Complaints

Safeway requests reports, analysis, documents,
and ESI relating to claims, complaints, or lawsuits
involving FF that are similar to the instant insurance
claim, i.e. CGL policies issued to business in the
State of Hawaii for the past 15 years and claims made
under those policies.  FF opposes the request as
overbroad, irrelevant, and unduly burdensome.  It
estimates that in the past 15 years, there were

19

approximately 340,000 claims under CGL policies for FF companies and its systems are incapable of conducting electronic searches to locate similar claims.

Inasmuch as FF's handling of other similar insurance claims and lawsuits in Hawaii is relevant to the claims in this action, it is discoverable. <u>Mauna Kea Beach Hotel Corp. v. Affiliated FM Ins. Co.</u>, No. 07-00605 DAE-KSC, 2009 WL 1227850, at *1, *5 (D. Haw. May 1, 2009) (concluding that the defendant insurance company's handling of other claims and lawsuits in Hawaii is relevant to a bad faith claim).  The Court also finds that the discovery of this information is proportional to the needs of the case, with the limitations to be imposed by the Court.

To minimize the burden to FF, production shall be limited to paid claims/settlements and lawsuits in Hawaii for a 10-year period (2005-2015) involving CGL policies that included the same provisions/exclusions that formed the basis of the denial of coverage.  The production should also be limited to products liability claims involving property damage that resulted from an

20

occurrence.  Id. at *5 (finding that limiting the
production to claims in Hawaii, along with a narrowing
of the years of production, substantially reduced the
burden to the insurance company).

E.   Claims Manuals and Guidelines, Training and
     Marketing Materials

          Safeway seeks claims manuals and guidelines,
training materials, and marketing materials.  It
concedes that FF produced claims manuals, but no
training materials, no resource materials for policy
language interpretation, and no marketing materials.
FF claims to have produced all non-privilege documents
consisting of claims manuals and guidelines, training
materials, and marketing materials that it has been
able to locate.  FF represents that it additionally
provided interrogatory responses listing resources
available to FF's adjusters for claims handling.  At
the hearing, FF's counsel explained that training
occurs in an informal manner and that there is no

central repository for training materials.[7]

Based on FF's representations that it is not withholding anything and has produced all responsive documents it has been able to locate, as well as interrogatory responses listing resources available to its adjusters in handling claims, the Motion is DENIED without prejudice.  The Court declines to compel further production of documents regarding this category of requests.

F.   Miscellaneous Categories

FF identifies several requests that were not specifically addressed in the Motion and were improperly grouped with the categories already addressed:  RPOD nos. 7, 25, 47, 54, and 55.

1.   RPOD no. 7 – Compensation

RPOD no. 7 requests "[a]ll Documents reflecting your compensation resulting from the issuance of each

---

[7] For example, according to FF's counsel, training occurs via webinars, the access links for which are temporary.  Trainers are brought into offices, but there are no materials that are generated from those training sessions to produce.

22

of the Policies insuring HNB, and that show the
distribution of the premiums including amounts
distributed to and/or received by third parties."
Mot., Decl. of Judith Pavey, Ex. A.  Safeway submits
that this request falls under the personnel files
category because courts frequently group compensation
into the same category as personnel.  That is true with
respect to compensation of the individual whose
personnel file is sought.  However, RPOD no. 7 appears
to seek FF's compensation.  Given this discrepancy, FF
need not respond at this time.  Safeway should amend
this request to clarify the information it seeks to
obtain and provide the amended request to FF.

    2.  <u>RPOD no. 25 - Third Party Information</u>

       RPOD no. 25 requests information about "anyone
involved in any decision by you concerning HNB who was
not your employee, all documents concerning the scope
of their involvement, their employer, their credentials
and what they said or did."  <u>Id.</u>  FF challenges this
request on the grounds that it is overbroad and
irrelevant.  In its Reply, Safeway clarified that it is

23

requesting relevant personnel information related to
any third parties hired/retained by FF to aid in
evaluating HNB's claims.  Reply at 12-13 n.9.  The
Court finds that this request, as clarified and limited
in the Reply, seeks relevant information that is
proportional to the needs of the case.  Therefore, FF
should provide all non-privileged documents responsive
to the amended RPOD no. 25.

    3.   <u>RPOD no. 47 - Handbooks and Manuals Regarding</u>
          <u>Employment Terms and Goals</u>

     RPOD no. 47 requests "[a]ll employee handbooks,
human resources manuals and personnel manuals relevant
to the employment terms and goals of CGL claims
adjusters/handlers during the time of the Claims."  <u>Id.</u>
For the reasoning articulated with respect to personnel
files, FF is directed to produce documents responsive
to this request.

    4.   <u>RPOD no. 54 - Criteria for Promotion/Demotion,</u>
          <u>Award/Bonus Programs/Payments</u>

     RPOD no. 54 requests "[a]ll documents that
describe your criteria for promotion, demotion and
commendation, including bonus programs/payments, and

employee recognition programs relevant to CGL claims adjusters/handlers during the time of the Claims." <u>Id.</u> For the reasoning articulated with respect to personnel files, FF is directed to produce documents responsive to this request.

    5.  <u>RPOD no. 55 - Net Worth</u>

RPOD no. 55 requests FF's net worth and FF argues that information concerning its net worth is non-discoverable unless there is "prima facie" evidence that punitive damages are warranted.  The Court disagrees.

Discovery of a defendant's financial information is in fact permissible when punitive damages are sought.  <u>Vollert v. Summa Corp.</u>, 389 F. Supp. 1348, 1350-51 (D. Haw. 1975); <u>Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC</u>, Case No.: 1:14-CV-01445, 2016 WL 3538251, at *4 (E.D. Cal. Jun. 29, 2016) (alterations in original) (citation omitted) ("Because '[t]he discovery of financial information [is] relevant to a putative [sic] damages claim,' it is permissible under the Federal Rules of Civil Procedure

without a prima facie showing by Plaintiff."); <u>Phillips v. Clark Cty. Sch. Dist.</u>, No. 2:10-CV-02068-GMN-GWF, 2012 WL 135705, at 13 (D. Nev. Jan. 18, 2012) (citation and quotations omitted) ("Although the Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged, <u>EEOC v. Cal. Psychiatric Transitions</u>, 258 F.R.D. 391 (E.D. Cal. 2009), most courts do not require the plaintiff to make a prima facie showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth.").

FF relies on <u>Dunlea v. Dappen</u>, 83 Hawai'i 28, 924 P.2d 196 (1996), <u>overruled on other grounds by Hac v. Univ. of Haw.</u>, 102 Hawai'i 92, 73 P.3d 49 (2003), to support its position.  However, <u>Dunlea</u> did not prohibit discovery of a defendant's financial information. Rather, it accorded the trial court the discretion to allow such discovery subject to protections designed to avoid prejudice to a defendant.

> We generally agree with the trial court
> that discovery of a defendant's assets is
> not appropriate "until there's a prima
> facie showing in discovery that you are
> going to get to a jury on punitives."
> <u>Although a prima facie showing necessarily
> precedes a judgment on liability for
> punitive damages, the trial court has
> discretion to fashion appropriate orders
> and procedures to avoid prejudice to the
> defendant</u>.  For example, the court may
> allow discovery of Dappen's assets,
> subject to a protective order (e.g.,
> allowing discovery of the information, but
> subject to specific instructions that the
> information is to be provided to the
> attorney only and shall not be divulged to
> anyone, including the attorney's client,
> until such time as the trial court lifts
> the protective order), and/or the court
> may bifurcate the issues of liability and
> damages so that evidence of Dappen's
> financial condition is not admissible
> until the jury has determined whether
> Dunlea's claim was timely brought and
> whether Dappen is liable.

<u>Id.</u> at 39 n.12, 924 P.2d at 207 n.12 (emphasis added).

Accordingly, FF is directed to respond to RPOD no. 55,

but any such production is subject to the protective

order to be submitted by the parties.

G.   <u>ESI</u>

Safeway takes issue with FF's failure to

produce ESI in the manner it designated and/or in the

27

manner in which it is maintained in the ordinary course of business.  Safeway seeks to obtain the metadata for the ESI.  FF contends that it produced the documents in the formats in which they are maintained and that the federal rules do not require the conversion of documents to formats other than those in which they were maintained.

> FRCP 34(b)(2)(E) provides:
>
> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E).  "[T]he primary source of

ESI to be produced during discovery's progression should be active ESI, typically defined as ESI currently or habitually in use by the requested entity." <u>U.S. ex rel. Carter v. Bridgepoint Educ., Inc.</u>, 305 F.R.D. 225, 238 (S.D. Cal. 2015) (citing 26 The Sedona Principles:  Best Practices Recommendations & Principles for Addressing Electronic Document Production 139 (2d ed. 2007)).  The responding party cannot argue that expenditure of time and effort relieves it of its obligation to produce accessible data.  <u>Id.</u> (citations omitted).

"With its potential relevance under Rule 26(b)(2) unquestioned, the metadata of both archival and active ESI has been found to be discoverable.  <u>Id.</u> (citing <u>Aguilar v. Immigration & Customs Enforcement Div., U.S. Dep't of Homeland Sec.</u>, 255 F.R.D. 350, 355-56 (S.D.N.Y. 2008)).  Whether or not a responding "party must supply metadata depends on the form in which the ESI whose metadata is sought is kept in the ordinary course of business."  <u>Id.</u> (citation omitted). "Assuming a precise and detailed demand has been

29

tendered by the propounding party-and a claim for any and all 'documents' will rarely suffice-active ESI and its metadata is discoverable and producible at the requested party's expense."   Id. at 238-39.

ESI must be produced in the form in which it is maintained in the ordinary course of business, and if this includes metadata, the metadata must also be provided to Safeway.  As discussed at the hearing, the parties should put their respective IT representatives in contact to see if an understanding can be reached about the format in which the ESI can be produced, as well as the related metadata (if any such metadata exists).

H.   Amended Responses

Safeway asks the Court to order FF to indicate whether documents are being withheld on the basis of their asserted objections.  Having reviewed FF's responses, the Court finds that they sufficiently identified the relevant objections and indicated whether or not FF intended to produce responsive documents.  As such, the Court denies the request to

30

order FF to provide amended responses to all of the
requests asserting objections.

I.  Attorneys' Fees and Costs

        Finally, Safeway requests the fees and costs it
incurred in connection with this Motion pursuant to
FRCP 37.  FRCP 37(a)(5)(C) provides:

>        (C) If the Motion Is Granted in Part and
>        Denied in Part.  If the motion is granted
>        in part and denied in part, the court may
>        issue any protective order authorized
>        under Rule 26(c) and may, after giving an
>        opportunity to be heard, apportion the
>        reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(C).  Insofar as this Motion is
granted in part and denied in part, the Court,
exercising its discretion, declines to award fees and
costs to Safeway.

        In sum, the Court rules as follows:

• The Motion is GRANTED as to:

    1) reserves information;

    2) personnel files for those individuals who played
    a role in the handling of HNB's insurance claim;

    3) paid claims/settlements and lawsuits in Hawaii
    for a 10-year period (2005-2015) involving

        a) CGL policies that included the same

31

provisions/exclusions that formed the basis of the denial of coverage and

b) products liability claims involving property damage that resulted from an occurrence;

4) personnel information related to any third parties hired/retained by FF to aid in evaluating HNB's claims (amended RPOD no. 25);

5) RPOD nos. 47 (handbooks/manuals regarding employment terms and goals), 54 (promotion/demotion criteria, awards/bonus programs/payments), and 55 (net worth); and

6) in camera review of Exhibit L, which shall be produced to the Court by **January 16, 2017**.

- The Motion is DENIED as to:

  1) claims and underwriting files from the underlying case;

  2) documents created in the underlying case and adjustment of HNB's claims;

  3) claims manuals and guidelines, training and marketing materials;

  4) RPOD no. 7 (compensation);

  5) Safeway's request to order FF to submit amended responses; and

  6) Safeway's request for attorneys' fees and costs.

- The Court reserves ruling on Safeway's request for ESI to be re-produced pending the consultation between the parties' IT representatives.

  All supplemental production directed in this

Order should be completed by **1/27/17.**

CONCLUSION

In accordance with the foregoing, Safeway's Motion to Compel, filed October 20, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART.  Any supplemental responses directed by the Court shall be provided to Safeway by January 27, 2017.  FF is to provide the Court with an unredacted version of Safeway's Exhibit L by January 16, 2017.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 9, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 15-00245 ACK-KSC; AMERICAN AUTOMOBILE INSURANCE CO., ET AL. V. HAWAII NUT & BOLT, INC., ET AL.; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS/ COUNTERCLAIM PLAINTIFF SAFEWAY INC.'S MOTION TO COMPEL DOCUMENTS FROM PLAINTIFFS/COUNTERCLAIM DEFENDANTS AMERICAN AUTOMOBILE INSURANCE COMPANY AND NATIONAL SURETY CORPORATION