IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY; NATIONAL SURETY CORPORATION, | ) CIVIL NO. 15-00245 ACK-KSC<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFFS/<br>) COUNTERCLAIM DEFENDANTS |
|         Plaintiffs/<br>        Counterclaim<br>        Defendants, | ) AMERICAN AUTOMOBILE<br>) INSURANCE COMPANY AND<br>) NATIONAL SURETY<br>) CORPORATION'S MOTION FOR AN |
|     vs. | ) ORDER COMPELLING PRODUCTION<br>) OF DOCUMENTS BY SAFEWAY, |
| HAWAII NUT & BOLT, INC.;<br>SAFEWAY, INC., | ) INC. AND HAWAII NUT & BOLT,<br>) INC.<br>) |
|         Defendants/<br>        Counterclaim<br>        Plaintiffs, | )<br>)<br>)<br>) |
|     and | )<br>) |
| DOUGLAS MOORE; MONARCH<br>INSURANCE SERVICES, INC.;<br>INSURANCE ASSOCIATES,<br>INC., | )<br>)<br>)<br>)<br>) |
|         Additional<br>        Counterclaim<br>        Defendants. | )<br>)<br>) |
| _____ | ) |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS/
COUNTERCLAIM DEFENDANTS AMERICAN AUTOMOBILE INSURANCE
COMPANY AND NATIONAL SURETY CORPORATION'S MOTION
FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS
BY SAFEWAY, INC. AND HAWAII NUT & BOLT, INC.

Before the Court is Plaintiffs/Counterclaim Defendants American Automobile Insurance Company and National Surety Corporation's (collectively "Fireman's Fund" or "FF") Motion for an Order Compelling Production of Documents by Safeway, Inc. and Hawaii Nut & Bolt, filed December 14, 2016.  Defendants Safeway, Inc. ("Safeway") and Hawaii Nut & Bolt, Inc. ("HNB") (collectively "Defendants") filed an Opposition on January 23, 2017.[1]  On January 30, 2017, FF filed its Reply.

This matter came on for hearing on February 13, 2017.  Stuart Fujioka, Esq., appeared, and Steven Allison, Esq., appeared by phone on behalf of FF. Judith Pavey, Esq., and Maile Miller, Esq., appeared on behalf of Defendants.  Corlis Chang, Esq., appeared on behalf of Insurance Associates, Inc. and Douglas Moore, and Kenneth Robbins, Esq., Donna Marron, Esq., and Sasha Hamada, Esq., appeared on behalf of Douglas Moore

_____

[1]  Counterclaim Defendants Douglas Moore, Monarch Insurance Services, Inc., and Insurance Associates, Inc. filed Statements of no Position.

and Monarch Insurance Services, Inc.  After careful

consideration of the parties' submissions, the

applicable law, and the arguments presented at the

hearing, the Court HEREBY GRANTS IN PART AND DENIES IN

PART the Motion for the reasons set forth below.

BACKGROUND

As the Court and the parties are well-

acquainted with the facts and procedural history of

this case, the Court includes only those facts

pertinent to the disposition of the instant Motion.

On August 19, 2016, FF served Defendants with

requests for production of documents ("RPOD") related

to the mediation, settlement, and resulting stipulated

judgment.  The following RPOD are the subject of the

Motion:

Safeway

- Request 7: All documents regarding any assignment
  of the policies by HNB to Safeway;

- Request 37: All communications between Safeway and
  any person regarding any mediation or settlement
  conference in the underlying action;

- Request 38: All communications between Safeway and
  any person regarding any mediation or settlement

conference in this action;

- Request 39: All communications between Safeway and any person regarding settlement or potential settlement in the underlying action;

- Request 40: All documents regarding the negotiation of the stipulated judgment;

- Request 41: All communications between Safeway and any person regarding the Settlement Agreement in the Underlying Action;

- Request 42: All communications between Safeway and any person regarding the stipulated judgment in the underlying action;

- Request 43: All documents regarding any settlement demands Safeway made in the underlying action;

- Request 44: All documents regarding any settlement offers Safeway received in the underlying action;

HNB

- Request 38: Documents regarding any agreements between HNB and Safeway;

- Request 45: Communications between HNB and any person regarding any mediation or settlement in the underlying action;

- Request 46: Communications between HNB and any person regarding mediation or settlement conference in this action;

- Request 47: Communications between HNB and any person regarding settlement or potential settlement of underlying action;

- Request 48: Communications between HNB and any

4

person regarding Settlement Agreement in the underlying action;

- Request 49: Communications between HNB and any person regarding the stipulated judgment in the underlying action.

LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  At the same time, it has its

"ultimate and necessary boundaries."  Id.  "District

courts have broad discretion in determining relevancy

for discovery purposes."  Surfvivor Media, Inc. v.

Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)

(citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.

2002)).

The 2015 amendment to FRCP 26 added

proportionality as a requirement for obtaining

discovery.  Thus, "relevancy alone is no longer

sufficient to obtain discovery, the discovery requested

must also be proportional to the needs of the case."

Centeno v. City of Fresno, Case No. 1:16-cv-00653-DAD-

SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016)

(citing In re Bard IVC Filters Prod. Liab. Litig., 317

F.R.D. 562, 564 (D. Ariz. 2016)).  Addressing all

proportionality considerations does not rest solely

with the party seeking discovery.  Fed. R. Civ. P.

26(b)(1) advisory committee's note to 2015 amendment.

Instead, "[t]he parties and the court have a collective

responsibility to consider the proportionality of all

discovery and consider it in resolving discovery

disputes."  Id.

District courts have broad discretion to limit
discovery where the discovery sought is "unreasonably
cumulative or duplicative, or can be obtained from some
other source that is more convenient, less burdensome,
or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).
Limits also should be imposed where the requesting
party has had ample opportunity to obtain the
information through discovery in the action or the
discovery is outside the scope of permissible discovery
under FRCP 26(b)(1).  Id.

In the event a party fails to respond to a
discovery request, the party who served the discovery
request may file a motion to compel.  Fed. R. Civ. P.
37(a)(3)(B)(iii)-(iv).  An incomplete or evasive answer
or response is deemed a failure to answer or respond.
Fed. R. Civ. P. 37(a)(4).  The motion to compel must
include a certification that the "movant has in good
faith conferred or attempted to confer with the person
or party failing to make disclosure or discovery in an
effort to obtain it without court action."  Fed. R.

Civ. P. 37(a)(1); <u>see</u> <u>also</u> Local Rule 37.1(a), (b).

DISCUSSION

Initially, FF requested an order compelling Safeway to respond to RPOD Nos. 7, 37-44 and HNB to respond to RPOD Nos. 38, 45-49, and for Defendants to submit privilege logs identifying the withheld documents.  At the hearing, the parties informed the Court that the only documents at issue are the mediation communications exclusively with the mediator that took place after July 1, 2013.  Defendants continue to withhold these documents pursuant to the Hawaii Mediation Act ("HMA").

In view of Defendants' representation that they have produced all responsive documents other than the communications with the mediator, the Court DENIES the Motion as moot with respect to the documents that have been produced.  If there are any outstanding documents responsive to the subject requests, they, along with a corresponding privilege log, should be produced by **March 2, 2017.**

The limited dispute presently before the Court concerns the applicability of the HMA to mediation communications between July 1, 2013 until the conclusion of the mediation.  Hawaii Revised Statutes ("HRS") § 658H-4 provides that "a mediation communication is privileged as provided in subsection (b)[2] and is not subject to discovery or admissible in evidence in a proceeding unless waived or precluded as provided by section 658H-5."  Haw. Rev. Stat. § 658H-4(a).  A "mediation communication" is defined as "a

_____

[2]   Subsection (b) provides:

> (1) A mediation party may refuse to disclose and may prevent any other person from disclosing a mediation communication;
>
> (2) A mediator may refuse to disclose a mediation communication, and may prevent any other person from disclosing a mediation communication of the mediator; and
>
> (3) A nonparty participant may refuse to disclose, and may prevent any other person from disclosing, a mediation communication of the nonparty participant.

Haw. Rev. Stat. § 658H-4(b).

statement, whether oral, in a record, verbal, or

nonverbal, that occurs during a mediation or is made

for purposes of considering, conducting, participating

in, initiating, continuing, or reconvening a mediation

or retaining a mediator."  Haw. Rev. Stat. § 658H-2.

The HMA "was enacted in 2013, and became

effective on July 1, 2013."  Reading Int'l, Inc. v.

Malulani Grp., Ltd., 40 F. Supp. 3d 1312, 1325 (D. Haw.

2014) at 1325 (citing 2013 Haw. Sess. L. Act 284, § 2)

("This Act shall take effect on July 1, 2013.")).  With

respect to the HMA's application to existing mediation

agreements (agreements made prior to July 1, 2013), the

HMA provides:

> (a) This chapter shall govern a mediation
> pursuant to a referral for mediation or an
> agreement to mediate made on or after July
> 1, 2013.
>
> (b) On or after January 1, 2014, this
> chapter shall govern an agreement to
> mediate whenever made.

Haw. Rev. Stat. § 658H-13.

Here, the mediation commenced in July 2009.

The parties do not dispute that any mediation

communications prior to July 1, 2013 are not

privileged.  Indeed, HRS § 658H-13(a) bars the

application of the HMA to any mediation communications

prior to July 1, 2013.  Reading, 40 F. Supp. 3d at 1325

(concluding that the HMA did not apply to an agreement

to mediate in a July 2009 settlement).

The Court finds that the HMA is likewise

inapplicable to mediation communications from July 1,

2013 to January 1, 2014.  Haw. Rev. Stat. § 658H-13(b)

(designating January 1, 2014 as the date upon which the

HMA governs all agreements to mediate whenever made).

The HMA may have taken effect on July 1, 2013, but in

order for it to govern the mediation communications

from that date on, the referral for mediation or

agreement to mediate had to have been made on or after

July 1, 2013.  Haw. Rev. Stat. § 658H-13(a).  Given

that the mediation began in July 2009, the Court finds

that the HMA does not apply to any mediation

communications from July 2009 to January 1, 2014, and

Defendants must produce all communications falling

within that time frame, if they have not already done

so, by **March 2, 2017.**

Less clear is whether the HMA would protect the withheld mediation communications after January 1, 2014. "Section 658H-13(b)'s reference to 'on or after January 1, 2014' does not mean that the [HMA] applies retroactively to all past mediations." Reading, 40 F. Supp. 3d at 1326. Even assuming that as of January 1, 2014, the HMA retroactively applied to the underlying mediation, and correspondingly to all mediation communications from January 1, 2014, Defendants could nevertheless be precluded from asserting a mediation privilege due to their allegations concerning FF's conduct related to the mediation. Id. at 1326 n.10 (finding that if the HMA applied, the plaintiff would be precluded from asserting a mediation privilege because the plaintiff made representations about a mediation communication that would prejudice the defendant if it was not allowed to respond); see also HRS §§ 658H-5 & 658H-6 (identifying exceptions to the privilege).

At this time, the Court need not reach the issue of whether the mediation communications are protected by the HMA after January 1, 2014, because it is only compelling the production of mediation communications up to January 1, 2014.  If the production reveals a need for and entitlement to communications beyond January 1, 2014, FF may seek further relief from the Court.  For these reasons, the Motion is GRANTED IN PART AND DENIED IN PART as to the mediation communications.

CONCLUSION

In accordance with the foregoing, Plaintiffs/ Counterclaim Defendants American Automobile Insurance Company and National Surety Corporation's Motion for an Order Compelling Production of Documents by Safeway, Inc. and Hawaii Nut & Bolt, filed December 14, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART.  Defendants are to produce all documents responsive to the subject RPOD that have yet to be produced, along with a privilege log.  With respect to mediation

communications, Defendants are to produce all

responsive documents for the period July 2009 to

January 1, 2014.  Production shall be completed by

**March 2, 2017.**

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, February 16, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 15-00245 ACK-KSC; <u>AMERICAN AUTOMOBILE INSURANCE CO., ET
AL. V. HAWAII NUT & BOLT, INC., ET AL.</u>; ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFFS/COUNTERCLAIM DEFENDANTS AMERICAN
AUTOMOBILE INSURANCE COMPANY AND NATIONAL SURETY CORPORATION'S
MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS BY
SAFEWAY, INC. AND HAWAII NUT & BOLT, INC.