STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

| | |
|---|---|
| TERENCE J. O'TOOLE | 1209-0 |
| JUDITH A. PAVEY | 2173-0 |
| MAILE S. MILLER | 10179-0 |

733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawai'i 96813
Telephone: (808) 537-6100
totoole@starnlaw.com
jpavey@starnlaw.com
mmiller@starnlaw.com
**Attorneys for Defendant/Counterclaim Plaintiff SAFEWAY INC. and HAWAII NUT & BOLT, INC.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation; NATIONAL SURETY CORPORATION, a Illinois corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII NUT & BOLT, INC. and SAFEWAY, INC.,<br><br>Defendants. | CIVIL NO. CV 15-00245-ACK/KSC<br>(Declaratory Judgment)<br><br>DEFENDANT/COUNTERCLAIM PLAINTIFF SAFEWAY INC. AND HAWAII NUT & BOLT, INC.'S CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MEMORANDUM IN OPPOSITION TO COUNTERCLAIM DEFENDANTS DOUGLAS MOORE, MONARCH INSURANCE SERVICES, INC. AND INSURANCES ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF MAILE S. MILLER; EXHIBITS A-K; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE. |

| | |
|---|---|
| SAFEWAY INC.; HAWAII NUT & BOLT, INC.<br><br>        Counterclaim<br>        Plaintiffs<br><br>    vs.<br><br>AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation; NATIONAL SURETY CORPORATION, a Illinois corporation,<br><br>        Counterclaim<br>        Defendants<br><br>    and<br><br>DOUGLAS MOORE, MONARCH INSURANCE SERVICES, INC., a Hawaii corporation, and INSURANCE ASSOCIATES, INC., a Hawaii corporation<br><br>        Additional<br>        Counterclaim<br>        Defendants | **HEARING:**<br>DATE:  June 19, 2017<br>TIME:  11:00 a.m.<br>JUDGE:  Hon. Alan C. Kay<br><br><br><br>TRIAL DATE:  Nov. 29, 2017<br>TRIAL JUDGE:  Hon. Alan C. Kay |

**DEFENDANT/COUNTERCLAIM PLAINTIFF SAFEWAY INC. AND HAWAII NUT & BOLT, INC.'S CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MEMORANDUM IN OPPOSITION TO COUNTERCLAIM DEFENDANTS DOUGLAS MOORE, MONARCH INSURANCE SERVICES, INC. AND INSURANCES ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendant/Counterclaim Plaintiffs Safeway Inc. ("*Safeway*") and Hawaii Nut & Bolt, Inc. ("*HNB*"), (collectively "*Safeway/HNB*"), by and through their attorneys,

1

Starn O'Toole Marcus & Fisher, respectfully submit their concise statement of material facts in support of their **MEMORANDUM IN OPPOSITION TO COUNTERCLAIM DEFENDANTS DOUGLAS MOORE, MONARCH INSURANCE SERVICES, INC. AND INSURANCE ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT [DKT. 293] FILED APRIL 13, 2017** ("*Opposition*"), which is being filed contemporaneously.

## CONCISE STATEMENT OF FACTS

| | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | The Underlying Complaint ("*UC*") Safeway filed against various defendants alleged several claims, including a products liability claim against HNB, the distributor of the defective products, and VersaFlex Inc. ("*VersaFlex*"), the manufacturer of those products. | **Exh. A**, UC ¶112 |
| 2. | As alleged in the Third Amended Counterclaim ("*TACC*"), specific experts concluded that the products were independently, and in combination with each other, defective and the cause of Safeway's damages.<br><br>Specifically, the TACC alleges "Safeway's experts concluded that the VersaFlex products were inherently defective in that the sale and distribution of these products in their defective condition would cause, and had caused, harm to Safeway, as the ultimate user, and to Safeway's property." | Dkt. 206, Third Amended Counterclaim ("**TACC**"), ¶25<br>**Exh. B**, Clause Report, p.6<br>**Exh. C**, Matco Report, pp.4-5. |
| 3. | In addition to expert reports, discovery in the underlying case revealed internal VersaFlex testing results and emails, confirming that VersaFlex also concluded that the products were defective. | TACC, ¶ 26<br>**Exh. D**, Primeaux emails<br>**Exh. E**, VersaFlex test results. |
| 4. | Safeway's damages are in excess of $11 million. Good Faith Settlements with other defendants left HNB exposed to at least $ 8 million in damages. | **Exh. F**, Stipulated Judgment. |

|   | **FACTS** | **EVIDENTIARY SUPPORT** |
|---|---|---|
| 5. | HNB is a local, family owned, wholesale distributor of products used in construction. | **Exh. G**, Deposition of Bill Hayes ("*Hayes Dep.*") 13:23-15:8. |
| 6. | HNB believed its biggest exposure to be products liability exposure.  That exposure is what HNB understood it was covered for by the FFIC policies.  As such, HNB purchased $6 million in coverage annually and understood that it had $12 million in stacked coverage for its products.<br><br>In his deposition, Mr. Hayes testified:<br>**Q:**  Okay.  As someone who inherited the business from your dad, and I gather worked for your dad for some years before you took over the business, did you ever consider the line of products that HNB sold to be the kinds of products that were likely to be the basis of a lawsuit or a basis of a claim of liability in the event of their failure as a product?  Again, this is from the standpoint of a businessman, not from the standpoint of a lawyer.<br>**A:**  I guess so.  I wanted to make sure what we sold, we were insured to sell.<br>Hayes Dep. 135: 23-136:8 | **Exh. G**, Hayes Dep.  90:6-11; 105:1-9; 135:23-137:9; 174:5-10; 175:25-177:10; 182:18-24; 225:23-226:22; 262:22-263:13; 265:25-266:9 |
| 7. | The Broker defendants understood that for a company like HNB, products liability exposure is a concern and should be covered under a CGL policy.<br><br>In his deposition, John Foster, the 30(b)(6) representative of Monarch Insurance testified:<br>**A:**  Distributors of a product, any kind of product, when they come to an agent for general liability insurance, it would be a very rare circumstance where the general liability policy did not provide products liability.<br>[…]<br>**Q**:  Yea, it does.  So for a business owner who's insured under a CGL policy and the business | **Exh. H** Deposition of John Foster 68:4-69-14;  **Exh. I**, Deposition of Douglas Moore 159:16-160:8; 194:2-21; 224:13-23; **Exh. J** Deposition of Sue Savio 97:12-22 |

|   | **FACTS** | **EVIDENTIARY SUPPORT** |
|---|---|---|
|   | owner sells products to the public, they would expect that their policy – <br>**A:** That there is coverage for products liability, correct. <br>Foster Dep., 68:4-69-14. <br><br> Mr. Moore testified: <br>**Q:** And we saw the e-mail where you told him in response to his question about whether he had product liability coverage that, yes, he does have product liability coverage. Correct? <br>[…] <br>**A**: The policy provides some coverage for product liability. <br>Moore Dep., 159:19-160:1 |   |
| 8. | HNB was shocked when FFIC decided to change positions on coverage, which threated the company's ability to survive. <br><br> Mr. Hayes testified: <br>**Q:** Do you recall ever being informed by Mr. Moore or anybody other than lawyers that Fireman's Fund might not pay for the damages from the lawsuit?  In other words, they'd pay for the defense counsel, but they might not pay for damages. <br>**A:** I don't think so.  I was completely surprised and shocked when I learned that. <br>Hayes Dep. 218:2-8 | **Exh. G** Hayes Dep. 218:2-8; 273:9-21. <br>**Exh. K**, HNB's Answers to Interrogatories, ¶5 |
| 9. | FFIC's changing position in this lawsuit and the threat of not providing indemnity caused stress to the Company's principal, William Hayes, and therefore damaged HNB's business. <br><br> Mr. Hayes testified: <br>"Fireman's Fund has cost my company money and hurt my cash flow" (Hayes Dep. 232:10-11) and that because of the stress and panic caused by the | **Exh. G.**, Hayes Dep. 12:4-8; 75:7-9; 89:14-20; 232:5-11; 270:19-271:7; 278:4-280:21; 284:23-285-20 <br>**Exh. K**, HNB's Answers to Interrogatories, ¶5 |

| | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| | declaratory judgment action Mr. Hayes "thought I was going to lose everything I ever worked for in my life." Hayes Dep. 271:6-7.<br><br>When asked to explain how his business has faltered, Mr. Hayes testified:<br><br>**A:** Oh Well, my business is faltering right this moment. I should be working, closing deals. I'm losing money as we speak. Every document I have to read, I should be working. I should be working. I should be making money for my company and my family. Every second I'm out of the game, I'm losing money.<br>Hayes Dep. 278:15-20. | |
| 10. | HNB was forced to hire and pay separate counsel in order to defend itself against the current declaratory action. HNB paid at least $15,000 to Peter Knapman to defend HNB against this litigation. | **Exh. G**, Hayes Dep. 234:6-23; 28:11-25 |

DATED: Honolulu, Hawaii, May 26, 2017.

        */s/ Maile S. Miller*
TERENCE J. O'TOOLE
JUDITH A. PAVEY
MAILE S. MILLER
**Attorneys for Defendants/Counterclaim Plaintiffs SAFEWAY INC and HAWAII NUT & BOLT, INC.**