### Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

AMERICAN AUTOMOBILE ) CIVIL NO. CV15-00245
INSURANCE COMPANY, a ) ACK/KSC
Missouri Corporation; ) (Declaratory Judgment)
NATIONAL SURETY )
CORPORATION, an Illinois ) Oral Deposition of:
Corporation, ) SUE SAVIO
    )
    Plaintiffs, )
    )
versus )
    )
HAWAII NUT & BOLT, INC. )
and SAFEWAY INC., )
    )
    Defendants. )
_____)
SAFEWAY INC.; HAWAII NUT &)
BOLT, INC., )
    )
    Counterclaim Plaintiffs,)
    )
versus )
    )
AMERICAN AUTOMOBILE )
INSURANCE COMPANY, a )
Missouri Corporation; )
NATIONAL SURETY )
CORPORATION, an Illinois )
Corporation, )
    )
    Counterclaim Defendants,)
    )
and )
    )
DOUGLAS MOORE, MONARCH )
INSURANCE SERVICES, INC., )
a Hawaii Corporation, and )
INSURANCE ASSOCIATES, )
INC., a Hawaii )
Corporation, )
    )
    Additional Counterclaim )
    Defendants. )
_____)

### Page 2

1  VIDEOTAPED DEPOSITION OF SUE SAVIO
2  30(b)(6) REPRESENTATIVE OF INSURANCE ASSOCIATES, INC.
3
4  Taken on behalf of the Plaintiffs/Counterclaim
5  Defendants American Automobile Insurance Company and
6  National Surety Corporation at the law offices of
7  Goodsill Anderson Quinn & Stifel, 999 Bishop Street,
8  Suite 1600, Honolulu, Hawaii, commencing at 12:02 p.m.,
9  on Thursday, the 15th of December, 2016, pursuant to
10 the Federal Rules of Civil Procedure.
11
12 REPORTED BY: KATHY PEARSON, RPR, CRR, CSR No. 313
13
14 APPEARANCES:
15   For the Plaintiffs/Counterclaim Defendants
     American Automobile Insurance Company and
16   National Surety Corporation:
17     SAMRAH R. MAHMOUD
       Crowell & Moring
18     3 Park Plaza, 20th Floor
       Irvine, California 92614
19
     For the Real Party in Interest and
20   Defendant/Counterclaim Plaintiff Safeway Inc.
     and Defendant/Counterclaim Plaintiff Hawaii Nut &
21   Bolt, Inc.:
22     JUDITH ANN PAVEY
       MAILE S. MILLER
23     Starn O'Toole Marcus & Fisher
       Pacific Guardian Center, Makai Tower
24     733 Bishop Street, Suite 1900
       Honolulu, Hawaii 96813
25

### Page 3

1  (Appearances continued)
2  For the Counterclaim Defendants Douglas Moore
   and Monarch Insurance Services, Inc.:
3
     SASHA A. HAMADA
4    Bronster Fujichaku Robbins
     1003 Bishop Street, Suite 2300
5    Honolulu, Hawaii 96813
6  For the Counterclaim Defendants Douglas Moore
   and Insurance Associates, Inc.:
7
     CORLIS J. CHANG
8    MARISSA L.L. OWENS
     Goodsill, Anderson, Quinn & Stifel
9    First Hawaiian Center, Suite 1600
     999 Bishop Street
10   Honolulu, Hawaii 96813
11 Videographer:
12   Keoni Sallas
13
14
15
16
17
18
19
20
21
22
23
24
25

### Page 4

1           INDEX
2
3  EXAMINATION BY MS. MAHMOUD          Pg 6
4  EXAMINATION BY MS. PAVEY            Pg 52
5  REEXAMINATION BY MS. MAHMOUD        Pg 117
6  * * * * * * * * * * * * * * * * * * * * * * * *
7  DEPOSITION EXHIBITS:
8  EXHIBIT NUMBER 83                   Pg 8
9    (notice of 30(b)(6) deposition)
10 EXHIBIT NUMBER 84                   Pg 49
11   (second amended counterclaim, jury demand)
12 EXHIBIT NUMBER 85                   Pg 96
13   (IAI web pages)
14

**EXHIBIT J**

Page 97

1  can just take your time --
2     A  Okay.
3     Q  -- reading it.
4     A  Thank you.
5        THE VIDEOGRAPHER: We're going off the record
6  at 1:58 p.m.
7        (Off the record at 1:58 p.m., deposition
8  resumed at 2:05 p.m.)
9        THE VIDEOGRAPHER: We're back on the record
10 at 2:05 p.m.
11 BY MS. PAVEY:
12    Q  Okay. So, Sue, some of these, you may not
13 have an answer for because you don't really do CGL for
14 distributors yourself, but are you aware of any
15 distributor client that has been denied coverage for
16 property damage caused by a defective product?
17       MS. MAHMOUD: Objection. Incomplete
18 hypothetical, calls for speculation.
19       MS. CHANG: Lack of foundation.
20 BY MS. PAVEY:
21    Q  Go ahead and answer.
22    A  No.
23    Q  Do you have any understanding of what the law
24 is on product liability coverage for a distributor of a
25 defective product?

Page 98

1        MS. MAHMOUD: Objection, calls for a legal
2  conclusion.
3        MS. CHANG: Join.
4        MS. MAHMOUD: Vague and ambiguous.
5     A  If I have any knowledge, it's so limited. So
6  I should answer no.
7  BY MS. PAVEY:
8     Q  Okay. It's true that Doug Moore could not
9  have contracted directly with Fireman's Fund, had to go
10 through Transpac and then through Insurance Associates.
11 Am I correct?
12       MS. MAHMOUD: Objection, vague and ambiguous.
13       MS. CHANG: Object. I think it misstates the
14 testimony --
15       MS. MAHMOUD: Misstates testimony.
16       MS. CHANG: -- about communicating with
17 Fireman's Fund.
18       MS. MAHMOUD: Join.
19 BY MS. PAVEY:
20    Q  I should -- let me, let me rephrase that.
21 I'm talking about to procure insurance from Fireman's
22 Fund. Is it true that Doug Moore, in order to do that,
23 had to go through Insurance Associates? In other
24 words, he wouldn't have been able to approach them
25 directly.

Page 99

1     A  When he was with Transpac, he had to go
2  through me. I'm sure with his prior agency, he went
3  direct.
4     Q  Through his own agency, you mean?
5     A  So he worked for somebody else --
6     Q  Okay.
7     A  -- who probably had an appointment, and he
8  probably, like my agents, was allowed to go directly to
9  Fireman's Fund.
10       So I can't testify to that. I'm just saying
11 when he was with Transpac.
12    Q  He had to go through Transpac, that had to go
13 through you --
14    A  Right.
15    Q  -- to get the policy from Fireman's Fund.
16    A  Right.
17    Q  Do you know why it's set up like that?
18    A  I think -- my personal opinion is, I don't
19 think the insurance companies want to deal with
20 somebody who's going to write two or three policies
21 with them. What a pain in the butt. That's my
22 attitude about it. That's, I think, how they would
23 feel. That's how I would feel.
24       They want somebody -- they want a
25 relationship. They want somebody that's going to write

Page 100

1  with them for a long time, that's going to understand
2  their goals, who we can work with as partners.
3        Because that's what it is, it's sort of a
4  partnership here. We have to sort of dance the same
5  way, understand what the company needs. And like us, I
6  think they're looking for long-term relationships.
7     Q  Uh-huh.
8     A  And to put on the books somebody that writes
9  two or three or four accounts. I'm sure that's what
10 it's all about. I wouldn't want to do it.
11    Q  So I think you testified -- and I don't know
12 if you were talking specifically about Fireman's Fund,
13 and maybe you were, you can tell me -- that you need a
14 million dollars in premiums before a company will have
15 a relationship with your agency?
16       MS. MAHMOUD: Objection.
17 BY MS. PAVEY:
18    Q  Is that right?
19       MS. MAHMOUD: Calls for speculation,
20 misstates --
21       MS. CHANG: Object, mis --
22       MS. MAHMOUD: -- testimony.
23       MS. CHANG: And that misstates the
24 testimony --
25       MS. MAHMOUD: Join.

## WITNESS CORRECTION SHEET

CASE: AMERICAN AUTOMOBILE INSURANCE COMPANY VS. HAWAII NUT & BOLT, INC.;
CIVIL NO. CV15-00245 ACK/KSC

DEPOSITION OF SUE SAVIO (30 (b)(6)) (VIDEOTAPED), TAKEN ON 12-15-16.

| PAGE | LINE | CORRECTION | REASON |
|---|---|---|---|
| 83 | 12 | scanned policies, emails, renewal instructions 10 years ago. Scanned company material 4 years ago not 10 | |

(If additional space is needed, attach a blank sheet)

Signature of Deponent: _[signature]_   Date: 1/25/17

=============================================================

## CERTIFICATE

☒ Please be advised that the deponent signed and/or made corrections to the deposition within 30 days of notification.

☐ Please be advised that 30 days have expired and the deponent has failed to read and sign the deposition.

☐ Please be advised that signature and/or corrections were received and are **not being filed** with the transcript because:

　☐ the deponent failed to sign and/or make corrections within 30 days after notification that the transcript was available for review.

　☐ a request for an opportunity to review the transcript was **not** made by the deponent or a party before completion of the deposition.

☐ Please be advised that the above-named case is going to trial and/or hearing and the deponent has **not** had 30 days to read and sign the deposition before the filing of this transcript with the Court.

DATED: 1-30-17 , HONOLULU, HAWAII.

_[signature]_
CSR NO. 179

Ralph Rosenberg by _lr_
Ralph Rosenberg Court Reporters, Inc.
1001 Bishop Street, Suite 2460, Honolulu, HI 96813
Phone: (808) 524-2090   Fax: (808) 524-2596

RECEIVED JAN 3 0 2017

•DEC 2 8 2016

```
                                                          Page 119
 1         I, SUE SAVIO, hereby acknowledge that I have
 2   read the foregoing typewritten pages 1 through 120,
 3   inclusive, and corrections, if any, were noted by me
 4   and the same is now a true and correct transcript of my
 5   testimony.
 6
 7              DATED: 1/25/17
 8
 9
10              _____
11                         SUE SAVIO
12
13
14   Signed before me this 25th
15   day of January, 2017
16   Witnessed by:
17   _____
18   Monica M. Joseph
19        Doc. Date: 1/25/2017   # Pages: 3
          Notary Name: Monica M. Joseph  First Circuit
20        Doc. Description: Witness Correction
          Sheet
21        _____  1/25/17
          Notary Signature            Date
22              NOTARY CERTIFICATION
23   American Automobile Insurance Company, et al vs Hawaii
24   Nut & Bolt, Inc., et al, Civil No. CV15-00245 ACK/KSC,
25   taken on the 15th of December, 2016, by K. Pearson
        RECEIVED JAN 30 2017
```