CROWELL & MORING LLP
Steven D. Allison, *Admitted Pro Hac Vice* (CSB No. 174491, sallison@crowell.com)
Christine E. Cwiertny, *Admitted Pro Hac Vice* (CSB No. 222098, ccwiertny@crowell.com)
Samrah R. Mahmoud, *Admitted Pro Hac Vice* (CSB No. 285168, smahmoud@crowell.com)
3 Park Plaza, 20th Floor
Irvine, CA  92614
Telephone:  949-263-8400
Facsimile:   949-263-8414

CROWELL & MORING LLP
Brendan V. Mullan (HSB No. 9479, bmullan@crowell.com)
Three Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415-365-7847
Facsimile:   415-986-2827

STUART N. FUJIOKA (HSB No. 4223, stuart@snfaal.com)
1188 Bishop St. #1006
Honolulu, HI  96813
Telephone:  808-544-0068
Facsimile:   808-544-0078

Attorneys for Plaintiffs/Counterclaim Defendants
AMERICAN AUTOMOBILE INSURANCE COMPANY
and NATIONAL SURETY CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri Corporation; NATIONAL SURETY CORPORATION, an Illinois Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HAWAII NUT & BOLT, INC. and SAFEWAY INC.,<br><br>Defendants.<br><br><br>SAFEWAY INC.; HAWAII NUT & BOLT, INC., | CIVIL NO. CV 15-00245-ACK/KSC<br>(Declaratory Judgment)<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFFS AND COUNTERCLAIM DEFENDANTS AMERICAN AUTOMOBILE INSURANCE CO. AND NATIONAL SURETY CORP.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, AND JOINDERS THERETO, BE GRANTED** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRactive-7211905.2

1

FINDINGS AND RECOMMENDATION RE GOOD
FAITH SETTLEMENT PETITION
CASE NO.: CV 15-00245-ACK-KSC

Case 1:15-cv-00245-ACK-KSC   Document 349   Filed 07/18/17   Page 2 of 6
                                PageID.5820

        Counterclaim Plaintiffs,

v.

AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri Corporation; NATIONAL SURETY CORPORATION, an Illinois Corporation,

        Counterclaim Defendants.


and

DOUGLAS MOORE, MONARCH INSURANCE SERVICES, INC., a Hawaii Corporation, and INSURANCE ASSOCIATES, INC., a Hawaii Corporation,

        Additional Counterclaim Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRactive-7211905.2

2

FINDINGS AND RECOMMENDATION RE GOOD
FAITH SETTLEMENT PETITION
CASE NO.: CV 15-00245-ACK-KSC

# FINDINGS AND RECOMMENDATION THAT PLAINTIFFS AND COUNTERCLAIM DEFENDANTS AMERICAN AUTOMOBILE INSURANCE CO. AND NATIONAL SURETY CORP.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, AND JOINDERS THERETO, BE GRANTED

This case involves an insurance coverage dispute between American Automobile Insurance Co. and National Surety Corp. (collectively "FFIC") and HNB and Safeway (as HNB's assignee) over an underlying construction defects lawsuit ("Underlying Action"). The Underlying Action was filed by Safeway against HNB, the general contractor, and various subcontractors, vendors, and suppliers on June 22, 2009, for alleged defects in the construction of a roof deck at a new Safeway store in Kapahulu ("Safeway Project").

On April 20, 2017, during a mandatory Settlement Conference with the Court, Plaintiff and Counterclaim Defendant FFIC reached a confidential settlement agreement with Defendants and Counterclaim Plaintiffs HNB and Safeway.[1] The settlement agreement was later reduced to writing. On June 9, 2017, FFIC filed a Petition for Determination of Good Faith Settlement under Hawaii Revised Statues Section 663-15.5 ("Petition"). ECF No. 326. The confidential settlement agreement was filed under seal with the Court and provided to all remaining parties to this lawsuit. Allison Decl. ISO Petition ¶ 7, ECF No. 326-2. Safeway and HNB filed a Joinder to the Petition on June 15, 2017. ECF No. 334. Counterclaim Defendants Douglas Moore, Insurance Associates, Inc., and Monarch Insurance Services, Inc. ("Broker Defendants"), the only remaining Defendants in this lawsuit, filed Statements of No Position to the Petition. ECF Nos. 329, 330. No opposition to the Petition has been received.

---

[1] Counterclaim Defendants Douglas Moore, Insurance Associates, Inc., and Monarch Insurance Services, Inc. are not parties to this settlement agreement.

The Petition was heard on July 6, 2017 at 9:30 A.M. After careful consideration of FFIC's Petition, Safeway's and HNB's Joinder, and the absence of opposition to the Petition, the Court hereby FINDS under the totality of the circumstances that the settlement between HNB, Safeway, and FFIC is in good faith under Hawaii Revised Statutes Section 663-15.5 and RECOMMENDS that a determination of a good faith settlement be made.

## DISCUSSION

Under Section 663-15.5, a determination that a settlement is in good faith shall "[b]ar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor." Haw. Rev. Stat. § 633-15.5(d)(1). "The determination of good faith is left to the discretion of the trial court . . . and is not disturbed in the absence of an abuse thereof." *Troyer v. Adams*, 102 Haw. 399, 422-23 (2003). The court may determine the issue of good faith on the "basis of affidavits served with the petition . . . and any affidavits or declarations filed in response" or it may "receive other evidence at a hearing." *Id.* at 401 n.1. A party opposing a good faith settlement determination bears the burden of proving the settlement was not in good faith. Haw. Rev. Stat. § 633-15.5(b).

In determining whether a settlement is in good faith under Section 663-15.5, Hawaii courts consider the "totality of the circumstances." *Troyer*, 102 Haw. at 425-26; *Ass'n of Apt. Owners of Hokua at 1288 Ala Moana v. Watts Water Techs., Inc.*, No. CIV. 08-00463 HG-KSC, 2010 WL 2598234, at *1 (D. Haw. June 15, 2010), report and recommendation adopted, No. CIV. 08-00463 HG-KSC, 2010 WL 2598236 (D. Haw. June 24, 2010). The trial court may consider the following factors in reaching a good faith settlement determination:

> (1) [T]he type of case and difficulty of proof at trial . . . ; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRactive-7211905.2

4

FINDINGS AND RECOMMENDATION RE GOOD
FAITH SETTLEMENT PETITION
CASE NO.: CV 15-00245-ACK-KSC

relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Troyer*, 102 Haw. at 427.

These factors are not exclusive, "and the court may consider any other factor that is relevant to whether a settlement has been given in good faith." *Id.* "This approach is grounded in the underlying notion that HRS Section 663-15.5 is intended to encourage settlements and the good faith provision is meant to merely provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." *Doyle v. Hawaiian Cement*, No. CIV. 08-00017 JMS/KSC, 2009 WL 1687022, at *2 (D. Haw. June 15, 2009) (internal quotation marks omitted) (quoting *Troyer*, 102 Haw. at 426).

A settlement agreement is therefore made in good faith when the totality of the circumstances reflects that the settlement was "not collusive or aimed at injuring the interests of non-settling parties." *Doyle v. Hawaiian Cement*, No. CIV.08-00017JMS/KSC, 2009 WL 1687022, at *2 (D. Haw. June 15, 2009). Here, the settlement agreement was reached after arms-length negotiations brokered by this Court. The coverage action has been ongoing for almost two years, during which time HNB, Safeway, and FFIC have expended great resources and time on difficult motion practice and extensive discovery. There is no evidence that the settlement agreement and its terms were anything other than a fair and good faith assessment of the parties' respective litigation costs and risks. Given the totality of the circumstances, and the absence of any opposition to the Petition, a finding of good faith settlement is appropriate here. The Court has reviewed the factors set forth in *Troyer v. Adams* and finds that the essential terms

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRactive-7211905.2

5

FINDINGS AND RECOMMENDATION RE GOOD
FAITH SETTLEMENT PETITION
CASE NO.: CV 15-00245-ACK-KSC

of the settlement agreement meet the purpose of HRS Section 663-15.5 and are reasonable and in good faith. Accordingly, the Court recommends that the District Court grant FFIC's, HNB's and Safeway's Petition.

## CONCLUSION

Based on the foregoing, the Court hereby FINDS that the settlement between HNB, Safeway, and FFIC is in good faith and RECOMMENDS that a determination of good faith settlement be made and that FFIC's, Safeway's, and HNB's Petition be GRANTED.

Dated:   Honolulu, Hawaii, July 18, 2017.




Kevin S.C. Chang
United States Magistrate Judge

CROWELL & MORING LLP
ATTORNEYS AT LAW

IRactive-7211905.2

6

FINDINGS AND RECOMMENDATION RE GOOD
FAITH SETTLEMENT PETITION
CASE NO.: CV 15-00245-ACK-KSC